UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| HOMERO TAMEZ, AIDA TAMEZ, and VALERIA GARZA,<br><br>Plaintiffs,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P., and LVNV FUNDING, LLC,<br><br>Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 5:21-cv-00132<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes HOMERO TAMEZ ("Homero"), AIDA TAMEZ ("Aida"), and VALERIA GARZA ("Valeria") (collectively "Plaintiffs"), by and through the undersigned, complaining as to the conduct of RESURGENT CAPITAL SERVICES, L.P. ("Resurgent") and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

4. Joinder of Plaintiffs' claims against Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) as the conduct arises out of a the same transaction, occurrence, or series of transactions and occurrences and common questions of law and fact will arise.

## PARTIES

5. Plaintiffs are consumers and persons over 18 years of age residing in the Southern District of Texas.

6. Resurgent is a third party debt collector purported to be "experts"[1] in the debt collection industry. Resurgent is a limited partnership organized under the laws of the state of Delaware with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, South Carolina.

7. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware and its principal place of business is located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of the nature of Defendants' attempts to collect on a consumer debt ("subject debt") said to be owed by Homero in the amount of approximately $1,700.00.

---

[1] https://www.resurgent.com/
[2] http://www.lvnvfunding.com/

10. The subject debt stems from Homero's purported defaulted payments in connection with a Credit One Bank, N.A. ("Credit One") credit card Homero used for his personal purposes.

11. Upon information and belief, after Homero's purported default on the subject debt, Credit One charged off the subject debt and subsequently sold the subject debt to LVNV, who in turn utilized Resurgent to attempt to collect the subject debt.

12. Throughout 2020 and early 2021, Defendants subjected Plaintiffs to a harassing and unnecessary campaign of collection phone calls seeking to collect upon the subject debt.

13. Resurgent, at the direction of LVNV, began contacting Homero, Aida (Homero's wife), Valeria (Homero's niece), and other members of Homero's family (e.g., Vivian Garza, Homero's sister & Valeria's mother) seeking to collect upon the subject debt.

14. Homero is an elderly man who suffers from dementia and, as such, Aida handles his financial matters.

15. Upon speaking with Resurgent, Aida informed Resurgent of the nature of Homero's health and inability to address the subject debt, further demanding Resurgent cease calling attempting to collect upon the subject debt.

16. Despite Aida's demands, Resurgent continued contacting her attempting to collect upon the subject debt.

17. Furthermore, Resurgent contacted Valeria on her cellular phone, (956) XXX-1801, seeking collection upon the subject debt.

18. Resurgent communicated with Valeria on a number of occasions regarding the subject debt.

19. Resurgent similarly improperly disclosed to Valeria that Homero owed the subject debt.

20. Valeria similarly demanded that Resurgent stop calling regarding the subject debt, yet Resurgent continued contacting Valeria.

21. Similarly, Resurgent contacted Homero's sister Vivian's cellular phone, (956) XXX-1893, on a number of occasions seeking to collect upon the subject debt.

22. Plaintiffs demanded that Defendants cease the harassing campaign of phone calls to Homero's family members, yet Resurgent continued contacting Homero's family members repeatedly attempting to collect upon the subject debt.

23. Furthermore, LVNV filed a collection lawsuit against Homero despite knowing that he suffers from dementia.

24. Frustrated, distressed, concerned, aggravated, and embarrassed as a result of Defendants' conduct, Plaintiffs spoke with the undersigned regarding their rights, resulting in the expenditure of time and incurrence of resources.

25. Plaintiffs have suffered concrete harm as a result of Defendants' conduct, including but not limited to emotional distress, embarrassment, disclosure of sensitive financial information to third parties, invasion of privacy, aggravation, harassment, and numerous violations of Plaintiffs' state and federally protected interests to be free from harassing, deceptive, and unfair debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs repeat and reallege paragraphs 1 through 24 as though fully set forth herein.

27. Homero and Aida are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Valeria is a "person" as contemplated by the FDCPA.

29. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others. Defendants are further businesses whose principal purpose is the collection of debts.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. LVNV is both directly liable for its conduct as a debt collector in relation to the subject debt, as well as vicariously liable for the violations of law engaged in by its agent, Resurgent, given the existence of a principal-agent relationship between the parties.

### a. Violations of FDCPA §§ 1692b(2)-(3) and § 1692c(b)

32. The FDCPA, pursuant to 15 U.S.C. § 1692b, governs what debt collectors must do when communicating with individuals other than the consumer of a particular account. Under 15 U.S.C. § 1692b(2), a debt collector must not "state that such consumer owes any debt." Under 15 U.S.C. § 1692b(3), a debt collector must not communicate with a third party "more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

33. Furthermore, under § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

34. Defendants violated §§ 1692b(2)-(3) and § 1692c(b) with respect to Homero through the repeated contacts made with Valeria and Homero's sister Vivian regarding the subject debt. During its calls with Valeria, Resurgent improperly stated that Homero owed the subject debt, communicated with her on multiple occasions, and repeatedly called despite clear directives to the contrary. Resurgent similarly communicated with Vivian on a number of occasions regarding the subject debt.

### b. Violations of FDCPA § 1692d

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Furthermore, pursuant to 15 U.S.C. § 1692d(5), a debt collector is prohibited from, "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendants violated §§ 1692d & d(5) through the harassing and repeated collection calls placed to Plaintiffs. Aida and Valeria repeatedly demanded that Resurgent stop contacting them as well as Homero's family members. Nevertheless, despite their clear directives, and despite knowing Homero's medical status, Resurgent persisted in placing repeated calls despite the clear requests such calls cease. Defendants had more than enough information to know that the harassing campaign of calls needed to cease, yet Defendants nevertheless persisted in their efforts.

### c. Violations of the FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

39. Defendants violated §§ 1692e and e(10) through their deceptive campaign of collection calls. Defendants' concerted conduct suggested to Plaintiffs that Defendants could permissibly communicate repeatedly with third parties regarding the subject debt, yet such conduct deceptively and misleadingly natured the rights and obligations of Defendants under the FDCPA.

6

### d. Violations of FDCPA § 1692f

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

41. Defendants violated §1692f by unfairly contacting Plaintiffs despite their inability to pay and the numerous demands that Resurgent's phone calls cease.

42. Defendants further violated § 1692f by unfairly disclosing information regarding Homero's indebtedness to third parties with no connection to the subject debt other than being related to the purported debtor.

WHEREFORE, Plaintiffs HOMERO TAMEZ, AIDA TAMEZ, and VALERIA GARZA, respectfully request that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 each as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs costs and reasonable attorneys' fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendants from further contacting Plaintiffs or their family members; and,

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Homero and Aida are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

45. Valeria is a person as contemplated by he TDCA.

46. Defendants are "debt collector[s]" and "third-party debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6) & (7).

47. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302(4)

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by: . . . causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

49. Defendants violated § 392.302(4) through the repeated phone calls made to Plaintiffs regarding the subject debt. As discussed above, Defendants directed and/or engaged in a harassing campaign of phone calls through their repeated placement of phone calls to parties despite the clear demands and provided information demonstrating such calls must cease.

WHEREFORE, Plaintiffs HOMERO TAMEZ, AIDA TAMEZ, and VALERIA GARZA, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiffs costs and reasonable attorneys' fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 7, 2021

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Federal I.D. No. 3470107
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com

Respectfully submitted,

s/ Eric D. Coleman
Eric D. Coleman, Esq. #6326734
Federal I.D. No. 3442886
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com